UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  07-20389-CIV-MARTINEZ-BANDSTRA

COFFEE BEAN TRADING-ROASTING, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

COFFEE HOLDING, INC., a Nevada
corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE A FORUM SELECTION CLAUSE AND TO TRANSFER VENUE

THIS CAUSE came before the Court upon Defendant Coffee Holding, Co. Inc.'s Motion to Enforce a Forum Selection Clause and to Transfer Venue **(D.E. No. 10)**.  On March 10, 2006, Plaintiff Coffee Bean Trading-Roasting, LLC ("Plaintiff" or "Coffee Bean Trading") and Defendant Coffee Holding, Inc. ("Defendant" or "Coffee Holding") entered into the Limited Liability Company Agreement of Café La Rica, LLC ("Operating Agreement") to form Café La Rica, LLC ("Café La Rica") for the purpose of "'engag[ing] in the roasting, packaging and sale of Café la Rica and other branded coffee products."  (D.E. No. 1 at 2) (quoting the Operating Agreement).  On March 10, 2006, Coffee Holding and Café La Rica also entered into an Expense Sharing Agreement pursuant to which Coffee Holding agreed to provide certain administrative services, such as bookkeeping, to Café La Rica and to supply certain coffee products to, Café La Rica.  Coffee Bean Trading has now brought suit against Coffee Holding in a six-count Complaint.

In Count I, Coffee Bean Trading alleges a breach of the Operating Agreement stating that Coffee Holding has failed to provided Coffee Bean Trading with the financial statements for Café La Rica.  In Count II, Coffee Bean Trading alleges a breach of the Expense Sharing Agreement.  Specifically, Coffee Bean Trading alleges that Coffee Holding has breached the agreement by paying itself in amounts in excess of the "[e]xpense [r]eimbursement for services that clearly fall within the class of services covered by the Expense Sharing Agreement." *Id*. at 5. Coffee Bean Trading also alleges that Coffee Holding has breached the agreement by selling coffee to Café La Rica at prices well above fair market value.  In Count III, Coffee Bean Trading alleges a breach of fiduciary duty because it alleges Coffee Holding "consistently purchased from itself more coffee than Café la Rica needed" and "invoiced Café la Rica for coffee that was never delivered." *Id*. at 6.  In Count IV, Plaintiff has alleged a breach of the implied contractual covenant of good faith and fair dealing for the same reasons as discussed above.  In Count V, Plaintiff demands an accounting of all amounts claimed due by Coffee Holding for sales of coffee to Café La Rica and in Count VI, Plaintiff asks for both permanent and temporary injunctions.  The Court now considers Defendant's motion to enforce the forum selection clause in the Operating Agreement and transfer venue pursuant to 28 U.S.C. § 1404(a).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Where a motion is filed pursuant to section 1404(a) to enforce a valid forum selection clause, "the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp*., 870 F. 2d 570, 573 (11th Cir. 1989).  The opponent to the motion to enforce the forum selection clause, here the plaintiff,

"bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *Id*. Here, Plaintiff has not argued that the contractual forum is inconvenient. Instead, Plaintiff has argued that the forum selection clause is permissive rather than mandatory and thus, should not foreclose Plaintiff's right to bring this suit in Florida. This Court disagrees.

"A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d. 1269, 1272 (11th Cir. 2004) (quoting *Snapper, Inc. v. Redan*, 171 F.2d 1249, 1261 (11th Cir. 1999)). Here, the forum selection clause in the Operating Agreement states:

> This Agreement shall be governed by and construed in accordance with the law of the State of Delaware, without regard to the conflicts of laws principles thereof. To the fullest extent permitted by law, the parties hereto hereby (i) submit to the jurisdiction of the state and federal courts located in the State of Delaware for purposes of any legal action or proceeding brought under or in connection with this Agreement, (ii) agree that exclusive venue of any such action or proceeding may be laid in the State of Delaware and (iii) waive any claim that the same is an inconvenient forum.

(D.E. No. 2, Exh. A § 14.8). Plaintiff focuses on the use of the words "may be laid in the State of Delaware" in subsection (ii) to argue that this forum selection clause is permissive. However, this phrase must be read in the context of the rest of the provision which clearly states that the parties are submitting to "the state and federal courts located in the States of Delaware *for any legal action or proceeding brought in connection with this Agreement*" and that "*exclusive* venue" of such actions "may be laid in the State of Delaware." *Id*. (emphasis added). The emphasized language makes it clear that the State of Delaware is the exclusive venue for actions arising in connection with the Operating Agreement. Thus, the forum selection clause is mandatory and

the Court grants Defendant's motion.

**ORDERED and ADJUDGED** that

1.  Defendant Coffee Holding, Co. Inc.'s Motion to Enforce a Forum Selection Clause and to Transfer Venue **(D.E. No. 10)** is **GRANTED**. **The Clerk is DIRECTED to TRANSFER this case to the United States District Court for the District of Delaware.**

2.  Plaintiff's Motion to Consider the Filing of its Response in opposition to Defendant's Motion to Transfer Venue Timely **(D.E. No. 20)** is **GRANTED**.

3.  Plaintiff's Motion to Strike Certain Portions of Defendant's Reply in Support of its Motion to Enforce a Forum Selection Clause and to Transfer Venue or, Alternatively, for Leave to File Surreply (D.E. No. 26) is **DENIED**.

4.  This Case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, April 20, 2007.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record
Clerk of the United States District Court of the District of Delaware